Fourth Appellate Department, November, 1903. Reported. 88 App. Div. 621.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* PETER WARD, Appellant.

*Alexander Otis,* for appellant.

The indictment should have been dismissed because of the absence of legal evidence before grand jury against the accused. Hearsay evidence that a town was " dry " was insufficient to show it to be legally a " no-license " town.   (*People v. Glenn,* 173 N. Y. 395; *People v. Restenblatt,* 1 Abb. Pr. 268; *People v. Molineux,* 27 Misc. 60; *People v. Clark,* 8 N. Y. Crim. Rep. 169; *People v. Brickner,* 8 N. Y. Crim. Rep. 221; *People v. Met. Traction Co.* 12 N. Y. Crim. Rep. 405).

There was no evidence on the trial to establish material allegation of the indictment, viz.: that "no-license" vote was held upon petition of ten per cent. of the electors.   Every step in a statutory crime must be pleaded and proved. (*Tully v. People,* 67 N. Y. 15; *Eckhardt v. People,* 83 N. Y. 462; *People v. Klock,* 48 Hun, 275; *People v. Loundes,* 130 N. Y. 455; *People v. West,* 106 N. Y. 293).

*Howard H. Widener, Assistant District Attorney,* for respondent.

The evidence before the grand jury was a sufficient *prima facie* case for an indictment; the vote on the local option questions is final and conclusive. (*People ex rel. Richardson v. Sackett,* 17 Misc. 405; *People ex rel. Fisher v. Hasbrock,* 21 Misc. 188; *People ex rel. Leonard v. Hamilton,* 42 App. Div. 212; *People ex rel. Hirsh v. Wood,* 148 N. Y. 142).

The statement of the vote, required to be filed is presumed to be

correct. (42 App. Div. 216; 128 N. Y. 545; 20 Abb. N. C. 19.)   It was not necessary to prove want of a license. (*Jefferson* v. *People,* 101 N. Y. 22.)

Judgment of conviction and orders affirmed.

All concurred.